UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JANE DOE NO. 55, by and through JANE DOE'S MOTHER and JANE DOE'S FATHER, | **COMPLAINT** |
| Plaintiff, | **Civil Action No.:** 15-cv-570 |
| v. | **[Trial by Jury Demanded]** |
| MADISON METROPOLITAN SCHOOL DISTRICT, | |
| Defendant. | |

---

## I.   INTRODUCTION

1.   This Complaint alleges a violation of Title IX, 20 U.S.C. §1681 et. seq., and negligence.  It is brought by a minor student, by and through her parents, against the MADISON METROPOLITAN SCHOOL DISTRICT based on the sexual abuse perpetrated by Willie Collins, Jr., a security guard at Whitehorse Middle School during the 2013-2014 school year.  Mr. Collins engaged in a sexually harassing, manipulative, and sexually exploitive relationship with JANE DOE, and sexually assaulted JANE DOE on multiple occasions while she was a middle school student. Principal Deb Ptak and other school district officials and administrators showed deliberate indifference to actual notice of sexual harassment, boundary crossing, and Collins' inappropriate relationships with JANE DOE, and other female Whitehorse students.

## II.   JURISDICTION

2.   This court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1681(a).

3. This Court has venue of this action under 28 U.S.C. §1391 as Whitehorse Middle School is located in this District, the Plaintiff resided in this District at all material times, and a substantial part of the events and omissions giving rise to the claim occurred in this District.

4. JANE DOE also files this action to recover for state law claims arising under Wisconsin common law, pursuant to 28 U.S.C. §1367, which arise out of the same common nucleus of facts as the aforementioned claims under Title IX.

### III. PARTIES

5. JANE DOE NO. 52 ("JANE DOE"), is a resident of Allegany County, Wisconsin. This action is brought anonymously for the following reasons: Plaintiff is a minor; she seeks to preserve her privacy in this sensitive and highly personal matter; she wishes to avoid further embarrassment and psychological damage, as this case concerns the sexual abuse and manipulative relationship between and adult male school employee and a female middle school student, which is a matter of the utmost intimacy; identification of Plaintiff poses a high risk of mental harm to the minor; the action is against a governmental entity; and, there is no risk of prejudice to Defendant from Plaintiff proceeding anonymously, because Defendant and its counsel will be fully aware of the identity, age, and address of the minor Plaintiff, as well as the identities of her Guardians/Parents.

6. Defendant, MADISON METROPOLITAN SCHOOL DISTRICT ("MMSD"), 545 W. Dayton St., Madison, Wisconsin 53703 is a political subdivision, agency, or part of the government of Madison County, Wisconsin. MMSD receives federal financial funding. MMSD controls, operates, supervises, and maintains all public schools in Madison County, Wisconsin including Whitehorse Middle School ("Whitehorse"). JANE DOE was a student at Whitehorse at all relevant times.

## IV. FACTUAL ALLEGATIONS

7. Willie Collins, Jr. ("Collins") is a former police officer and was a security guard at Whitehorse during the relevant time period.

8. Upon information and belief, Collins was very popular with many female students at Whitehorse, and Collins engaged in flirtatious and boundary crossing conduct with these female students in an open and notorious manner.

9. This inappropriate conduct with minor females was grooming behavior, used by Collins to manipulate Whitehorse female students into sexually harassing and exploitive relationships. This open and notorious grooming behavior by Collins included special attention, excessive hugging, closeness, private interactions, and an inordinate amount of attention directed entirely at female students. This behavior was ignored by Whitehorse officials and administrators.

10. Collins' open, notorious, and continuous sexual harassment of female students was tolerated and ignored. Collins was provided unfettered freedom and discretion to sexually harass, groom, and manipulate female students, including JANE DOE.

11. Prior to the time of JANE DOE's sexual assault by Collins, MMSD had actual knowledge that Collins was sexually harassing students and knew or should have known that Collins posed a danger to the safety of the minor female students.

12. In spite of this prior knowledge, MMSD allowed Collins to continue interacting with minor female students, including JANE DOE.

**Actual Notice of Sexual Harassment**

13. Prior to and during the time Collins was grooming and sexually assaulting JANE DOE, MMSD received actual notice of inappropriate and sexually harassing behavior by Collins, but showed deliberate indifference to the safety of female students at Whitehorse.

14. In or about the 2012-2013 school year, Mary McAuliffe, a guidance counselor at Whitehorse, informed Principal Deb Ptak that she believed Collins had boundary issues with female students and that she was uncomfortable with his behavior around female students. She was concerned that Collins was sexually harassing female students.

15. In or about the 2012-2013 school year, Tracy H. Warnecke, a Positive Behavioral Interventions and Supports Coach at Whitehorse, informed Principal Deb Ptak that she saw JANE DOE asking Collins for hugs, and saw JANE DOE kiss Collins and that this behavior worried and concerned her.

16. In or about the 2012-2013 school year, JANE DOE's mother informed Principal Ptak that she was concerned that Collins was spending too much time with JANE DOE. It was JANE DOE's mother's understanding from this conversation that Principal Ptak would instruct Collins to cease any private interaction with JANE DOE.

17. In or about the 2012-2013 school year, Brooke C. Gritt, a teacher at Whitehorse, informed the school social worker and Principal Ptak that the "relationship" and "closeness" between Collins and JANE DOE made her feel weird and uncomfortable.

18. Principal Ptak, the highest ranking official at Whitehorse, with the authority to take corrective measures on behalf of MMSD to prevent further sexual harassment by Collins, had actual notice that Collins had a proclivity for sexual harassment, boundary crossing, and sexually inappropriate behavior, and was a grave risk to engage in such conduct with female students at Whitehorse.

## Deliberate Indifference

19. In response to the actual notice of sexual harassment, boundary crossing, and inappropriate relationships with female students by Collins, Principal Ptak and MMSD officials and administrators took no corrective measures to prevent further sexual harassment by Collins.

20. At no point was Collins removed from Whitehorse so that he would be prevented from sexually harassing female students, engaging in inappropriate relationships with female students, or violating female students.

21. At no point was Collins supervised more closely so that he would be prevented from sexually harassing female students, engaging in inappropriate relationships with female students, or violating female students.

22. Without any repercussion or consequence, Collins continued displaying sexually inappropriate conduct toward female students at Whitehorse in an open and notorious manner after notice to school officials.

23. Despite actual notice of Collins' sexual harassment and inappropriate behavior with female students, Principal Ptak and the Whitehorse officials and administrators with authority to take corrective measures on behalf of MMSD demonstrated deliberate indifference by choosing not to take any corrective action against Collins to prevent future sexual harassment of Whitehorse female students. As a result, Collins continued to have unfettered access to the female students at Whitehorse and Collins continued to sexually harass female students at Whitehorse, including JANE DOE.

## Sexual Harassment of Jane Doe

24. Beginning in or about the 2011-2012 school year, while JANE DOE was in sixth grade, Collins began grooming and manipulating JANE DOE into a sexually harassing, inappropriate, manipulative, and sexually exploitive relationship.

25. This grooming behavior included special attention, hugging and private conversations and mentoring in Collins' office.

5

26.     Beginning in or about the 2012-2013 school year, while JANE DOE was in seventh grade and going through personal problems with friends and family, Collins exploited JANE DOE's personal issues to gain her trust, escalating the grooming and manipulation of JANE DOE.

27.     This grooming behavior included text messages, frequent hugs and massages, frequent private conversations in Collins' office, and lunches spent together in conversation.

28.     Through his grooming and manipulation tactics, Collins successfully gained the trust and admiration of JANE DOE.

29.     Beginning in or about the 2013-2014 school year, while JANE DOE was in eighth grade and approximately fourteen years old, Collins' grooming efforts were successful as he began to sexually abuse JANE DOE.

30.     The sexual abuse of JANE DOE by Collins included kissing, sexual grinding, fondling and kissing JANE DOE's breasts, and digital penetration. The acts of sexual assault between Collins and JANE DOE took place on approximately thirty occasions, some of which occurred during school hours on the Whitehorse campus.

31.     As a result of the alleged sexual abuse and exploitive relationship between Collins and JANE DOE, JANE DOE has suffered, and continues to suffer from physical, mental and emotional anguish with permanent harmful effects.

32.     Plaintiff is entitled to a judgment against Defendant for actual and punitive damages in an amount to be determined by a jury.

### COUNT I
### VIOLATION OF TITLE IX, EDUCATION
### AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ.

33.     Plaintiff, JANE DOE, repeats and re-alleges the allegations set forth in paragraphs 1 through 33 above.

34. At all relevant times, MMSD and the education program or activity at Whitehorse received federal financial assistance.

35. JANE DOE had a right to not be subject to sexual discrimination, harassment or abuse while she participated in MMSD's education program or activity receiving federal financial assistance.

36. MMSD had actual notice that Collins was sexually harassing female students and posed a grave danger to female students in the school of further sexual harassment and abuse, prior to the time that JANE DOE was sexually abused by Collins.

37. The prior complaints to Whitehorse officials and administrators of sexual harassment by Collins from the Whitehorse staff and JANE DOE's mother, alerted Principal Ptak and other MMSD agents and officials to Collins' sexual harassment and sexually inappropriate behavior with female students.

38. Principal Ptak and other Whitehorse officials and administrators with actual notice, had authority to institute corrective measures on behalf of MMSD in response to the danger posed by Collins.

39. Upon information and belief, the decisions of Principal Ptak and MMSD, after receipt of actual notice of sexual harassment by Collins, to allow Collins to continue to teach without instituting any corrective measures, were official decisions to ignore the danger of sexual harassment or sexual abuse to the female students in their care.

40. In response to actual notice that Collins posed a risk of sexual harassment or abuse to students at Whitehorse, Principal Ptak and MMSD could have instituted any of a number of corrective measures that would have prevented the sexual harassment of JANE DOE, including without limitation: (i) preventing Collins from having any unchaperoned conduct with a female

student on school grounds; (ii) monitoring and more closely supervising Collins' interactions with students; (iii) warning Collins that he could not socialize with students; (iv) warning parents that Collins was the subject of complaints of sexual harassment and inappropriate behavior of a sexual nature directed toward female students; (v) removing him from his duties as a security guard with access to female students; (vi) taking adverse employment action against Collins for his inappropriate behavior and sexual harassment of students; (vii) investigating the allegations against Collins to determine the extent of his inappropriate behavior and sexual harassment; or (viii) any such other action reasonably intended or designed to protect the students at Whitehorse from sexual harassment by Collins.

41. Despite receipt of actual notice, Principal Ptak, MMSD, and its agents and representatives, acted with deliberate indifference in failing: (i) to take any action to prohibit Collins from having unsupervised and unobservable access to students; (ii) to warn parents about the allegations against Collins; (iii) to remove Collins as a teacher; (iv) to otherwise restrict Collins' access to female students; or (v) engage in any other corrective measure to prevent Collins from sexually harassing students at Whitehorse, including JANE DOE.

42. As a result of this gross failure to act, JANE DOE was sexually harassed and sexually abused by Collins.

43. As a direct result and moving force behind the sexual discrimination, harassment and abuse described herein, JANE DOE was deprived of the benefits of an education at Whitehorse, and has suffered severe and permanent psychological and physical injuries, mental anguish, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff, JANE DOE, demands compensatory damages, attorneys' fees, punitive damages, and fees and costs against Defendant, MADISON METROPOLITAN

SCHOOL DISTRICT pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE

44. Plaintiff, JANE DOE, repeats and re-alleges the allegations in paragraphs 1 through 33 above.

45. JANE DOE and Defendant had a special relationship based on JANE DOE's status as a child enrolled in Defendant's school.

46. MMSD and Collins were in a special relationship as employer and employee/agent.

47. Defendant purports to offer their students a secure educational environment, overseen by safe, quality adults whose duties include assisting and mentoring students through critical years of adolescent development.

48. Upon information and belief, Defendant knew or should have known that Collins had a sexual interest in JANE DOE and a preoccupation with and level of attention to JANE DOE and other female students which were "red flags" to the danger posed by Collins to young female students in general and to JANE DOE in particular.

49. Upon information and belief, it was foreseeable to Defendant that Collins would develop a sexual interest in JANE DOE and sexually abuse her.

50. Defendant had a duty to protect children who were enrolled as students at Whitehorse from the actions and conduct of Collins, who, upon information and belief, it knew or should have known had dangerous sexual propensities.

51. Defendant owed a duty to JANE DOE to protect her from the criminal misconduct of Collins.

9

52. By virtue of the parties' special relationship, Defendant had a duty to assure that the adults whom it gave access to JANE DOE and placed in contact with JANE DOE were safe.

53. Given its undertaking to educate children in a safe and high-quality environment, Defendant owed a duty to the children enrolled at Whitehorse to train its employees in detecting and reporting the predatory and criminal misconduct of adults associated with the school in contact with its children.

54. Defendant owed a duty to JANE DOE and her parents to warn them that JANE DOE was in danger from Collins as a result of her enrollment as a student at Whitehorse.

55. At all relevant times, Defendant had inadequate policies and procedures to protect children it was entrusted to care for and protect, including JANE DOE.

56. As a result of Collins' molestation of JANE DOE, and his sexual abuse of her, Defendant breached its duties to JANE DOE by:

   (i) Failing to properly screen prospective employees to insure that they were trained and suitable to interact with and supervise students;

   (ii) Failing to exercise reasonable care in the supervision of JANE DOE and other students for whom MMSD was responsible and under the direct guidance and supervision of MMSD;

   (iii) Placing JANE DOE and other students in a position where such harm and danger could be inflicted upon them;

   (iv) Failing to exercise reasonable care in the supervision of Collins;

   (v) Failing to properly investigate the inappropriate relationship between Collins and JANE DOE and taking appropriate actions to intervene and ensure such conduct did not occur again;

(vi) Failing to have a policy or program of training and prevention to prohibit such incidents and to ensure compliance with all applicable regulations, statutes, codes, industry standards and other guidelines and specifications;

(vii) Failing to have a policy or program of training and supervision or other necessary programs or seminars addressed to the school faculty to ensure a safe environment for Plaintiff and other children; and

(viii) Failing to warn JANE DOE and her parents that JANE DOE was in danger from MMSD's agent and/or employee, Collins.

57. JANE DOE was within the zone of foreseeable risk caused by Defendant's breach of its duties.

58. As a result of Collins' acts and conduct, JANE DOE has suffered severe and permanent physical and psychological injuries, shame, humiliation and inability to lead a normal life.

WHEREFORE, Plaintiff, JANE DOE, demands judgment against Defendant, MADISON METROPOLITAN SCHOOL DISTRICT, for damages, costs and any additional relief to which they may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: September 11, 2015

                Respectfully submitted,

                HERMAN LAW
                41 Madison Avenue
                Suite 2532
                New York, NY 10010
                Tel: 212-390-0100
                Fax: 305-931-0877
                www.hermanlaw.com

By:    /s/ Arick W. Fudali
Jeffrey M. Herman (*pending admission*)
jherman@hermanlaw.com
Arick W. Fudali
afudali@hermanlaw.com