IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANE DOE NO. 55,
by and through Jane Doe's mother
and Jane Doe's father,

                                                  ORDER

                    Plaintiff,

                                                  15-cv-570-bbc

    v.

MADISON METROPOLITAN
SCHOOL DISTRICT,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Jane Doe is suing defendant Madison Metropolitan School District under Title IX of the Education Amendments of 1972 and the Constitution for its failure to protect plaintiff from sexual abuse by one of its employees while plaintiff was a student in middle school. The question before the court is whether the alleged perpetrator (who is not a party to this case) is entitled to remain anonymous throughout these proceedings so that any documents that refer to him by name must be sealed or redacted.

       In a text order, Magistrate Judge Stephen Crocker granted the request of the alleged perpetrator, who refers to himself as "John Doe No. 75," to remain anonymous, dkt, ##23 and 45, but the magistrate judge did so before plaintiff had an opportunity to object. At the time, defendant had stated that it did not oppose John Doe's request. Dkt.#26. Plaintiff had not yet responded, but her deadline to do so had not yet passed. It appears that the

magistrate judge granted John Doe's motion on the mistaken belief that no party opposed it.

Now plaintiff seeks reconsideration of the decision. Dkt. #46. Neither plaintiff nor John Doe argues that the magistrate judge's decision is entitled to any deference, presumably because plaintiff did not have an opportunity to object and the magistrate judge did not provide any reasoning for his decision. Accordingly, I will consider the issue without regard to the magistrate judge's text order.

In his brief in support of his motion, John Doe asks for an order granting the following relief: 1) "sealing [his] deposition to protect him from embarrassment"; 2) "protecting [his] identity from public disclosure by requiring [that his name] be redacted from Jane Doe's Complaint and all other motions, court filings and documents"; and 3) "requiring the parties and other entities in possession of documents that reveal John Doe No. 75's identity, telephone number, or mailing address to hold such documents in confidence." Dkt. #24 at 2. Although he does not expressly deny any of plaintiff's allegations of sexual abuse in his motion, he argues that such relief is appropriate because no criminal charges have been brought against him related to the allegations in this case and allowing the public disclosure of his name "would make [him] a pariah in the community." Id. at 3-4. In response, plaintiff observes that she has been using John Doe's unredacted name in her court filings since she filed her complaint in September 2015, without any objection from John Doe.

Neither side cites any precedent for granting or denying a similar request, but

regardless whether it might be appropriate in some circumstances to protect the identity of a nonparty accused of sexual misconduct, I conclude that John Doe has forfeited any privacy interest he has by waiting nearly a year to raise his objection. As plaintiff points out, John Doe's name has been appearing in the court filings in this case since plaintiff filed her complaint. Even in his reply brief, John Doe identifies no reason why he failed to raise an objection sooner. For example, John Doe does not argue that he was unaware of this lawsuit when plaintiff first filed it. Regardless of the reason for John Doe's delay, the cat is already out of the bag.

John Doe asks the court to attempt to solve this problem retroactively by requiring all court documents filed to date, including the complaint, to be redacted if they include his name. Because John Doe's name has been available to the public for so long, it seems unlikely that such a late effort could undo any damage to his reputation brought about by the allegations in this case. In any event, John Doe does not offer to pay for the time and expense that it would take the parties to prepare and file redacted versions of a year's worth of filings, so that request is a nonstarter.

ORDER

Plaintiff Jane Doe's motion for reconsideration, dkt. #46, is GRANTED, and John Doe's motion for a protective order, dkt. #23, is DENIED. I decline to impose any

restrictions on the parties' use of John Doe's true name.

Entered this 27th day of September, 2016.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge